■ CB RICHARD ELLIS, INC., Respondent, v HARLEYSVILLE INSURANCE COMPANY OF NEW JERSEY, Appellant, et al., Defendant. [33 NYS3d 221]—

Order, Supreme Court, New York County (Kathryn E. Freed, J.), entered February 3, 2015, which, insofar as appealed from, denied the cross motion of defendant Harleysville Insurance Company of New Jersey (Harleysville) for summary judgment and granted the motion of plaintiff, CB Richard Ellis, Inc. (CBRE), for summary judgment declaring that Harleysville must defend it in the underlying personal injury action, unanimously affirmed, with costs.

Under New Jersey law, "[a]n insurer's duty to defend an action brought against its insured depends upon a comparison between the allegations set forth in the complainant's pleading and the language of the insurance policy" (*Flomerfelt v Cardiello*, 202 NJ 432, 444, 997 A2d 991, 998 [2010]). Although the basis of the complaint in the underlying personal injury action alleged a sidewalk fall due to ice and snow, the removal of which is excluded from coverage under the Harleysville policy issued to defendant Wade Ray & Associates Construction, Inc. (Wade Ray), the underlying complaint further alleged the underlying defendants' general negligence in the ownership,

operation, management, maintenance and control of the premises and/or sidewalk where the accident occurred. As amplified by the bill of particulars (*see Tierney v Tierney*, 13 NJ Misc 654, 656, 179 A 314, 315 [NJ Ch 1935]), the underlying defendants were also allegedly negligent in failing to safeguard, cordon off or provide warning signs in the unsafe, slippery area. Since the allegations in the underlying complaint, as amplified by the bill of particulars, do not all arise out of ice and snow removal, Harleyville's duty to defend CBRE as an additional insured under the policy issued to Wade Ray was properly triggered (*see Flomerfelt v Cardiello*, 202 NJ at 444, 997 A2d at 998). Concur—Acosta, J.P., Saxe, Gische, Webber and Kahn, JJ.